IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACQUELINE B. MAYNARD and SHARON P. HOUSE, <br><br>　　　　Plaintiffs, <br>　　v. <br><br>UNIVERSITY OF NORTH CAROLINA, <br><br>　　　　Defendant. | **MEMORANDUM OPINION AND RECOMMENDATION** <br>1:08CV210 |

This matter is before the court on a motion for partial dismissal by Defendant University of North Carolina (docket no. 8). Plaintiffs Jacqueline Maynard and Sharon House have responded to the motion. In this respect, the matter is ripe for disposition. Since there has been no consent, I must address the motion by way of a recommended disposition. For the following reasons, it will be recommended that the court dismiss Plaintiffs' state law claims without prejudice. To this extent, it is recommended that Defendant's motion for partial dismissal be denied as moot.

**FACTS**

Plaintiffs are former state employees and worked as dental laboratory technicians in the Defendant University of North Carolina's School of Dentistry. Plaintiff Maynard's employment commenced October 1, 1980, and Plaintiff House's employment commenced March 1, 1980. Defendant terminated both Plaintiffs' employment on January 5, 2007. At the time of termination, both Plaintiffs were 50

years old. Plaintiffs claim that their termination was based on their age. Defendant maintains that the termination was incident to a reduction in force.

On February 21, 2008, Plaintiffs filed a complaint against Defendant in Orange County Superior Court alleging wrongful termination in violation of the North Carolina State Personnel Act, N.C. GEN. STAT. § 126-1 et seq.; the North Carolina Equal Employment Practices Act, N.C. GEN. STAT. § 143-422 et seq.; and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. Defendant removed the case to federal court on March 27, 2008. On May 1, 2008, Defendant filed a motion to dismiss the state law claims pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Defendant seeks to dismiss the wrongful termination claim brought under the North Carolina State Personnel Act for lack of subject matter jurisdiction, arguing that this claim is barred by sovereign immunity. Defendant seeks to dismiss the wrongful termination claim brought under the North Carolina Equal Employment Practices Act for failure to state a cause of action upon which relief can be granted.

In response to the motion to dismiss, Plaintiffs have requested that the court either remand the state law claims to state court or, alternatively, that the court dismiss Plaintiffs' state law claims without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 41(a)(2). The court will, therefore, construe Plaintiffs' request as a formal motion to dismiss under Rule 41(a)(2). Defendant opposes Plaintiffs' request for dismissal without prejudice, and

instead seeks a dismissal with prejudice for the reasons stated in the motion to dismiss.

**DISCUSSION**

Rule 41(a)(1) states that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or if the parties have stipulated to the dismissal in writing. *See* FED. R. CIV. P. 41(a)(1). In turn, Rule 41(a)(2) states that, except for as provided in Rule 41(a)(1), a plaintiff must first obtain approval of the court before voluntarily dismissing an action without prejudice. *See* FED. R. CIV. P. 41(a)(2). Defendant filed an answer before Plaintiffs requested dismissal of their state law claims, and the parties have not stipulated to dismissal of the state law claims. Therefore, Plaintiffs must obtain an order from the court before the state law claims may be dismissed.

In determining whether to grant a motion for dismissal without prejudice under Rule 41(a)(2), a court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (quoting *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)). Typically, a plaintiff's motion to voluntarily dismiss a claim will be granted, absent "plain legal prejudice" to the defendant. *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Indeed, the purpose

of Rule 41(a)(2) is to freely allow voluntary dismissals "unless the parties will be unfairly prejudiced."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Plaintiffs' request for dismissal of their state law claims was made after Defendant's motion to dismiss was filed, but no discovery has been conducted in this case, and the proceedings are in the early stages.  Given the lack of any substantial prejudice to Defendants, the court should dismiss the state law claims without prejudice.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that the court enter an **ORDER** dismissing without prejudice Plaintiffs' state law claims pursuant to Rule 41(a)(2), thus leaving the ADEA claim as the only remaining claim in this action.  To this extent, Defendant's motion for partial dismissal (docket no. 8) should be **DENIED** as moot.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
November 21, 2008